UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., | No. 1:25-cv-02016-DC-SCR |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is proceeding through counsel, filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 26, 2025. ECF No. 2. Petitioner has paid the filing fee for this action.

The court has conducted a preliminary review of the amended petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents are directed to show cause by **January 8, 2026** why this case is factually or legally distinguishable from the decisions in Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and Selis Tinoco v. Noem, et al., 1:25-cv-01762-

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025).  See 28 U.S.C. § 2243 (an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed"); ECF No 2 at 19 (requesting "an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days"). Additionally, respondents are directed to show cause why petitioner is not entitled to relief as a member of the certified class action in Maldonado Bautista et al., v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's first amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

2. Respondents are directed to show cause by **January 8, 2026** why this case is factually or legally distinguishable the decisions in Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025).

3. The court further directs respondents to show cause why petitioner is not entitled to relief as a member of the certified class action in Maldonado Bautista et al., v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).

4. As part of the return to this show cause order, respondents may include any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application.

5. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

1 | Dated: December 31, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE